IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| COURTNIE HARVELL, and <br> BRENDA HENDERSON, <br>     Plaintiffs, <br> vs. <br> EL CHAROLAIS OF JOHNSON CITY, INC., EL CHAROLAIS OF NORTHSIDE, INC., and JOSE LUIS JAUREQUI, <br>     Defendants. | Civil Action File <br> No. _____ |

## COMPLAINT

Plaintiffs Courtnie Harvell and Brenda Henderson (collectively "Plaintiffs") file this Complaint against El Charolais of Johnson City, Inc., El Charolais of Northside, Inc., and Jose Luis Jaurequi, (collectively "Defendants" or "El Charolais") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees. Plaintiff alleges as follows:

### VENUE AND JURISDICTION

1. This court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

3. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

4. The relevant time period is three (3) years prior to the filing of this complaint.

**A.  Plaintiff Courtnie Harvell.**

5. Plaintiff Courtnie Harvell is a citizen and resident of Tennessee in this district and division.

6. Plaintiff Harvell was hired by and began employment with Defendants as a server and bartender in 2014.

7. Plaintiff Harvell's employment with Defendants ended in October 2019.

8. At all times during her employment, Plaintiff Harvell was an "employee" of Defendants and covered under the FLSA.

9. At all times during her employment, Plaintiff Harvell was a non-exempt, tipped employee of Defendants and was promised $2.13 per hour for each hour worked.

**B.  Plaintiff Brenda Henderson.**

10. Plaintiff Brenda Henderson is a citizen and resident of Tennessee in this district and division.

11. Plaintiff Henderson was hired by and began employment with Defendants as a hostess in September 2016.

12. Plaintiff Henderson's employment with Defendants ended in February 2018.

13. At all times during her employment, Plaintiff Henderson was an "employee" of Defendants and covered under the FLSA.

14. At all times during her employment, Plaintiff Henderson was a non-exempt employee of Defendants and was promised $8.75 per hour for each hour worked.

### C. Defendant El Charolais of Johnson City, Inc.

15. Defendant El Charolais of Johnson City, Inc. is a Tennessee corporation with its principal office address on file with the Tennessee Secretary of State as Suite 1200, 1805 W. State of Franklin Road, Johnson City, TN 37604-8811.

16. Defendant El Charolais of Johnson City, Inc.'s registered agent for service of process is Jose L. Jaurequi, Suite 1200, 1805 W. State of Franklin Road, Johnson City, TN 37604-8811.

17. Defendant El Charolais of Johnson City, Inc. owns and operates a restaurant located at 1805 W. State of Franklin Road, #1200, Johnson City, TN 37604 (the "Franklin Road Restaurant").

18. At all relevant times, Defendant El Charolais of Johnson City, Inc. was an employer and/or joint employer of Plaintiffs within the meaning of the FLSA.

19. At all relevant times, Defendant El Charolais of Johnson City, Inc. had multiple employees, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

20. At all relevant times, Defendant El Charolais of Johnson City, Inc. was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

### D. Defendant El Charolais of Northside, Inc.

21. Defendant El Charolais of Northside, Inc. is a Tennessee corporation with its principal office address on file with the Tennessee Secretary of State as Suite B, 3102 Bristol Hwy, Johnson City, TN 37601-1581.

22. Defendant El Charolais of Northside, Inc.'s registered agent for service of process is Jose L. Jaurequi, Suite B, 3102 Bristol Hwy, Johnson City, TN 37601-1581.

23. Defendant El Charolais of Northside, Inc. owns and operates a restaurant located at 3102 Bristol Hwy, Johnson City, TN 37601 (the "Bristol Hwy Restaurant").

24. At all relevant times, Defendant El Charolais of Northside, Inc. was an employer and/or joint employer of Plaintiffs within the meaning of the FLSA.

25. At all relevant times, Defendant El Charolais of Northside, Inc. had multiple employees, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

26. At all relevant times, Defendant El Charolais of Northside, Inc. was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

**E. Defendant Jose Luis Jaurequi.**

27. Upon information and belief, Defendant Jose Luis Jaurequi is a resident of Tennessee in this district and division.

28. At all relevant times, Defendant Jose Luis Jaurequi was the owner, general manager, and primary decision maker of Defendant El Charolais of Northside, Inc. and Defendant El Charolais of Johnson City, Inc.

29. At all relevant times, Defendant Jose Luis Jaurequi directly supervised employees for Defendant El Charolais of Johnson City, Inc., including Plaintiffs.

30. At all relevant times, Defendant Jose Luis Jaurequi directly supervised employees for Defendant El Charolais of Northside, Inc., including Plaintiffs.

## FACTS

31. Defendants own and operate two El Charolais Mexican Grill & Taqueria locations.

32. At all relevant times, Plaintiffs were employed at the Franklin Road Restaurant and the Bristol Hwy Restaurant (collectively the "Restaurants").

33. At all relevant times, Plaintiffs were denied earned wages by Defendants while working at the Restaurants.

34. Defendants maintained records of hours that Plaintiffs worked.

35. At all relevant times, Defendant Jaurequi was the owner, general manager, and/or primary decision maker for the Restaurants; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decision relating to Plaintiffs; determined Plaintiffs' wages; approved Plaintiffs' hours and days off; and approved Plaintiffs' pay checks.

36. Defendant Jaurequi, as a general manager and/or primary decision maker for the Restaurants, made the decision of what to pay Plaintiffs and to pay Plaintiffs in violation of the FLSA.

37. Defendant Jaurequi exercised sufficient control over Plaintiffs to cause him to be individually liable for the alleged FLSA violations.

## I. Off-the-Clock Work Performed by both Plaintiffs.

38. At all relevant times, Defendants' policy and practice was to not compensate employees, including Plaintiffs, for all hours worked.

39. Defendants' policy and practice was to round down or reduce the hours worked for all employees, including Plaintiffs, for payroll purposes.

40. Defendants required staff performing payroll duties to reduce employees' hours worked when calculating weekly wages.

41. Defendants required certain employees, including Plaintiff Henderson, to run errands and perform other off-site duties for the Restaurants while off the clock.

42. Plaintiff Henderson was also required to perform tasks unrelated to the Restaurants

and for the personal benefit of Defendant Jaurequi; such tasks included sending money orders to Defendant Jaurequi's family in Mexico.

43. Defendants' policy and practice was to have tipped employees, including Plaintiff Harvell, arrive at the Restaurants 30 to 60 minutes prior to the Restaurants' opening to perform non-tip related, maintenance tasks while off the clock.

44. Approximately two Sundays per month, Defendants' policy and practice was to have tipped employees, including Plaintiff Harvell, spend approximately two hours performing a deep clean of the Restaurants while off the clock.

45. Approximately two Fridays per month, Defendants' policy and practice was to have tipped employees, including Plaintiff Harvell, attend a meeting lasting approximately one or two hours while off the clock.

46. At all relevant times, Defendants' policy and practice of not paying Plaintiffs for all hours worked violated the FLSA.

## II. Dual Job Tasks Performed by Plaintiff Harvell.

47. At all relevant times, Plaintiff Harvell was a non-exempt, tipped employee of Defendant.

48. Federal law permits Defendant to pay employees such as Plaintiff Harvell less than the minimum wage so long as they are working a tipped occupation, and able to earn tips.

49. As a server at the Restaurants, Plaintiff Harvell's duties included, but were not limited to, taking customer's orders, answering questions about the menu and food, taking payment, communicating orders with the kitchen staff, seating customers, and helping with customer service.

50. Plaintiff Harvell also was required to perform extensive duties unrelated to

customer service that were substantial and amounted to a separate, non-server occupation. These duties were not contemporaneous with customer service server duties. These duties were performed both before and after customer service shifts and for extensive periods of time. Such non-server, pre-shift and post-shift duties included, but were not limited to: extensive cleaning throughout the restaurant and in areas unrelated to server stations, cutting vegetables and other garnishes, filling ice bins, cleaning floors on the patio, and other non-server duties unrelated to customer service. While performing these duties, Plaintiff Harvell was not able to earn tips.

51. There was a clear dividing line between Plaintiff Harvell's server duties and non-server duties, particularly because extensive non-server duties were required after the restaurant was closed, and after Plaintiff Harvell's customers exited the restaurant.

52. Plaintiff Harvell's non-server duties extended to the entire restaurant rather than areas where she served customers.

53. These non-server duties consumed a substantial portion of Plaintiff Harvell's workday, were more than "part of the time" that Plaintiff Harvell worked, were for times longer than a few minutes and longer than *de minimis* time periods and were for more than 20% of Plaintiff Harvell's workdays.

54. Plaintiff Harvell often was required to remain at the Restaurants for substantial time periods after the Restaurants had closed and all customers had left.

55. Plaintiff Harvell often was required to remain at the Restaurants 45 to 75 minutes after the Restaurants had closed to perform cleaning and other non-tip producing tasks throughout the restaurant.

56. Plaintiff Harvell often was required to perform non-server work after her last assigned table had closed out, but before the Restaurants closed.

57. Plaintiff Harvell was paid a wage less than minimum wage for hours spent performing non-server duties and non-tip producing side work.

58. Defendants denied Plaintiff Harvell minimum wage compensation for these discrete and easy-to-identify periods where Plaintiff Harvell was performing non-tip related tasks and no customers were in the building.

59. Defendants violated the FLSA by willfully refusing to pay Plaintiff Harvell proper minimum wage compensation for these non-server duties amounting to a separate occupation.

60. Even if the non-server duties Defendants required Plaintiff Harvell to perform were related to her tipped occupation, Defendants violated the FLSA by its policy and practice of requiring Plaintiff Harvell to perform such work for a substantial amount of her time worked during the workweek, and during discrete periods after her shift when Plaintiff Harvell could not earn any tips.

61. Plaintiff Harvell also was required to perform tasks that were unrelated to and not incidental to her tip-producing occupation without being paid a minimum wage.

62. Defendants' policy and practice of requiring Plaintiff Harvell to perform excessive and/or unrelated non-server duties while paying her sub-minimum, tip-credit wages violates the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE
### (On Behalf of Plaintiff Harvell)

63. Plaintiffs repeat and reallege each paragraph above as if it were fully set forth at length herein.

64. At all relevant times, Defendants were Plaintiff Harvell's employer and/or joint employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a)

and 207(a).

65. At all relevant times, Defendants employed Plaintiff Harvell within the meaning of the FLSA.

66. At all relevant times, Defendants failed to compensate its employees, including Plaintiff Harvell, at the applicable federal minimum wage.

67. At all relevant times, Defendants failed to compensate its employees, including Plaintiff Harvell, for all hours worked.

68. At all relevant times, Defendants failed to compensate its employees, including Plaintiff Harvell, at the applicable federal minimum wage for tasks that were unrelated to and non-incidental to a tip producing occupation.

69. At all relevant times, Defendants failed to compensate its employees, including Plaintiff Harvell, at the applicable federal minimum wage for tasks that were not server tasks and were not directed towards producing tips that were performed before Restaurant opening and/or before Plaintiff was assigned customers.

70. At all relevant times, Defendants failed to compensate its employees, including Plaintiff Harvell, at the applicable federal minimum wage for tasks that were not server tasks and were not directed towards producing tips that were performed after the Restaurants' closing and/or after Plaintiff Harvell's assigned customers were no longer being served.

71. As a result of Defendants' willful failure to pay Plaintiff Harvell the appropriate minimum wage, Defendants violated the FLSA, 29 U.S.C. §§ 206(a)(1) and 215(a).

72. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

73. Due to Defendants' FLSA violations, Plaintiff Harvell was damaged and is

entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## COUNT II
**FAIR LABOR STANDARDS ACT VIOLATIONS – MINIMUM WAGE**
**(On Behalf of Plaintiff Henderson)**

74. Plaintiffs repeat and reallege each paragraph above as if it were fully set forth at length herein.

75. At all relevant times, Defendants were Plaintiff Henderson's employer and/or joint employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

76. At all relevant times, Defendants employed Plaintiff Henderson within the meaning of the FLSA.

77. At all relevant times, Defendants failed to compensate its employees, including Plaintiff Henderson, at the applicable federal minimum wage.

78. At all relevant times, Defendants failed to compensate its employees, including Plaintiff Henderson, for all hours worked.

79. As a result of Defendants' willful failure to pay Plaintiff Henderson the appropriate minimum wage, Defendants violated the FLSA, 29 U.S.C. §§ 206(a)(1) and 215(a).

80. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81. Due to Defendants' FLSA violations, Plaintiff Henderson was damaged and is entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action

pursuant to 29 U.S.C. § 216(b).

## COUNT III
## BREACH OF CONTRACT FOR FAILURE
## TO PAY FOR ALL HOURS WORKED
### (On Behalf of Plaintiff Harvell and Plaintiff Henderson)

82. Plaintiffs repeat and reallege each paragraph above as if it were fully set forth at length herein.

83. Defendants agreed to pay Plaintiffs an hourly wage for each hour and partial hour worked.

84. It was Defendants' common practice to not pay, and not timely pay, Plaintiffs for all hours worked.

85. Defendants failed to pay Plaintiffs for all hours they worked.

86. Plaintiffs were damaged by Defendants' refusal to pay and timely pay Plaintiffs for all hours worked.

87. Defendants' conduct constitutes a willful breach of contract.

88. Due to Defendants' breaches of contract, Plaintiffs were damaged.

89. Plaintiffs were damaged and are entitled to recover from Defendants compensation for unpaid wages.

**WHEREFORE**, Plaintiffs demand a trial by jury and request that this Court grant the following relief against Defendants:

A. An award of unpaid compensation for wages to Plaintiffs;

B. An award of all liquidated damages for unpaid wages to Plaintiffs;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

-11-

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this February 21, 2020,

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga. Bar #318380
Admitted to practice in the EDTN
Gordon Van Remmen
Ga. Bar #215512
Admitted to practice in the EDTN

400 Galleria Pkwy SE
Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiffs*